No. 05-675

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 124N

IN THE MATTER OF THE INQUIRY
OF J.B. and C.B.,

    Youths In Need Of Care.

APPEAL FROM:    The District Court of the Sixteenth Judicial District,
In and For the County of Rosebud, Cause No. DN 03-01,
Honorable Joe L. Hegel, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    John Houtz, Attorney at Law, Forsyth, Montana

    For Respondent:

    Honorable Mike McGrath, Attorney General; Ilka Becker,
Assistant Attorney General, Helena, Montana

    Michael B. Hayworth, County Attorney, Forsyth, Montana

    Janette K. Jones, Attorney at Law, Miles City, Montana
(Guardian Ad Litem)

Submitted on Briefs:  April 19, 2006

Decided:  June 6, 2006

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant C.B. appeals from the order of the Sixteenth Judicial District Court terminating his parental rights. We affirm.

¶3 The father of two young children, C.B. has battled substance abuse, anger management, and marital issues for over three years. These issues resulted in the District Court adjudicating C.B.'s children youths in need of care on October 6, 2003, and the court's placing the children in the temporary legal custody of the Department of Public Health and Human Services (DPHHS). DPHHS intended to return the children to C.B.'s care when C.B.'s behavior warranted the reunion. Sadly, this has not occurred.

¶4 DPHHS provided C.B. support and, most importantly, the means to regain custody of his children since at least July 2003. However, despite the agency's repeated efforts, C.B. has been unable to complete agreed-upon treatment plans on no less than four occasions. During that time, and despite C.B.'s genuine desire to straighten out his life, the State charged C.B. with two crimes—DUI (August 2004) and felony possession of dangerous drugs (February 2005)—and further, C.B. failed to maintain his sobriety,

failed to establish his own residence, failed to complete an anger management program, and failed to maintain contact with his children.

¶5 C.B.'s inability to complete treatment forced DPHHS to move for termination of his parental rights on March 4, 2005. Thereafter, the District Court held a termination hearing on June 27, 2005. At the hearing, C.B. noted his recent improvement and a recent negative drug test. After considering all of the evidence presented at the hearing, the court nevertheless terminated his parental rights.

¶6 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶7 Pursuant to § 41-3-609(1)(f), MCA (2003), a district court may terminate parental rights where the parent's children have been adjudicated youths in need of care, and both of the following exist:

> (i) an appropriate treatment plan that has been approved by the court has not been complied with by the parents or has not been successful; and
> (ii) the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time.

Section 41-3-609(1)(f), MCA (2003). C.B. does not dispute that his children were adjudicated youths in need of care, nor does he dispute that he failed to comply with

3

treatment plans. Instead, C.B. simply argues that, given his recent improvement and sobriety, he is fit to parent, or at least likely to change his behavior soon.

¶8 This Court reviews a district court's order terminating parental rights to determine whether the district court abused its discretion. *In re D.B.*, 2004 MT 371, ¶ 29, 325 Mont. 13, ¶ 29, 103 P.3d 1026, ¶ 29. Here, there was ample evidence that C.B. was unfit to parent and unlikely to change; C.B. failed numerous treatment plans, was twice charged with criminal behavior, and failed to maintain regular contact with his children. Furthermore, in cases such as this one, the district court "is bound to give primary consideration to the physical, mental, and emotional conditions and needs of the children." *Matter of J.W.*, 2001 MT 86, ¶ 8, 305 Mont. 149, ¶ 8, 23 P.3d 916, ¶ 8. For those reasons, we conclude that the District Court did not abuse its discretion in terminating C.B.'s parental rights.

¶9 Affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS

4